**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JAMES R. HAYNES,

     Plaintiff,

     v.

NAVY FEDERAL CREDIT UNION,

     Defendant.

Civil Action No. 11-00614 (CKK)

**MEMORANDUM OPINION**
(January 27, 2012)

Plaintiff James R. Haynes ("Haynes") brings this action *pro se* against Defendant Navy

Federal Credit Union ("NFCU"), asserting a variety of claims concerning a home mortgage loan

extended to him by NFCU.  Currently before the Court is the [23] Motion for Preliminary

Mandatory Injunction filed by Haynes on January 25, 2012.  On its face, the motion is

procedurally and substantively defective.  Accordingly, it shall be DENIED.

**BACKGROUND**

The Court assumes familiarity with its prior opinion in this action, which sets forth in

detail the factual and procedural background of the case.  *See Haynes v. Navy Fed. Credit Union*,

__ F. Supp. 2d __, 2011 WL 5867062, at *1-2 (D.D.C. Nov. 23, 2011).  For present purposes, it

suffices to observe that, in May 2003, Haynes obtained a home mortgage loan from NFCU

secured against his residence, and that the parties' agreements required Haynes to make monthly

payments to NFCU in the amount of $3,930.24.  In this action, Haynes claims that NFCU has

refused to process payments or improperly processed payments, while NFCU counters that

Haynes failed to tender payments in accordance with the terms of the parties' agreements.

**LEGAL STANDARD**

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 21 (2008).  A plaintiff seeking a preliminary injunction must establish (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of the equities tips in his favor, and (4) that an injunction would be in the public interest.  *Id.* at 20.  "The four factors have typically been evaluated on a 'sliding scale.'"  *Davis v. Pension Benefit Guar. Corp.*, 571 F.3d 1288, 1291 (D.C. Cir. 2009).  Under this sliding scale, "[i]f the movant makes an unusually strong showing on one of the factors, then it does not necessarily have to make as strong a showing on another factor."  *Id.* at 1291-92.

"It is particularly important for the [movant] to demonstrate a substantial likelihood of success on the merits."  *Barton v. District of Columbia*, 131 F. Supp. 2d 236, 242 (D.D.C. 2001) (citing *Benten v. Kessler*, 505 U.S. 1084, 1085 (1992)).  If the movant fails to do so, inquiry into the remaining factors is unnecessary, for the injunctive relief must be denied on that ground alone.  *See Transohio Sav. Bank v. Dir., Off. of Thrift Supervision*, 967 F.2d 598, 614 (D.C. Cir. 1992) (affirming denial of preliminary injunction where the district court properly concluded that the plaintiff had "no likelihood of success on the merits"); *Katz v. Georgetown Univ.*, 246 F.3d 685, 688 (D.C. Cir. 2001) ("[A]lthough we apply a four-factor test in weighing a request for a preliminary injunction, such relief never will be granted unless a claimant can demonstrate 'a fair ground for litigation.'") (quoting *Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 844 (D.C. Cir. 1977)); *Taylor v. Resolution Trust Corp.*, 56 F.3d 1497, 1507 (D.C.

Cir.) ("Given the inadequacy of [plaintiff]'s prospects for success on the merits, there may be no showing of irreparable injury that would entitle him to injunctive relief."), *amended on other grounds on reh'g*, 66 F.3d 1226 (D.C. Cir. 1995).  In addition, the movant must establish that irreparable injury is likely, "not just a possibility."  *Winter*, 555 U.S. at 21.

## DISCUSSION

Through his [23] Motion for Preliminary Mandatory Injunction, Haynes seeks an order directing NFCU to immediately: (1) credit his account for payments "duly tendered"; (2) cease returning payments; (3) account for all payments made; and (4) furnish him "correct" mortgage interest statements.  However, the motion is both procedurally and substantively defective on its face and shall therefore be DENIED.

First, it axiomatic that a preliminary injunction is an extraordinary remedy and may be awarded only upon a "clear showing" of entitlement to relief.  *Winter*, 555 U.S. at 21.  Haynes, as the party seeking the preliminary injunction, bears the twin burdens of production and persuasion.  *Qualls v. Rumsfeld*, 357 F. Supp. 2d 274, 281 (D.D.C. 2005); *see also* LCvR 65.1(c) ("The application must be supported by all affidavits on which the plaintiff intends to rely.").  While Haynes need not necessarily present evidence that would meet the standard for success in a trial on the merits, he nonetheless must present credible evidence demonstrating that he has a clear entitlement to relief.  *Miniter v. Moon*, 684 F. Supp. 2d 13, 16 (D.D.C. 2010).  But Haynes has not produced *any* competent evidence in support of his motion, electing instead to rely on his own unsworn statements and a small but disjointed collection of unauthenticated documents.  *See Lee v. Christian Coal. of Am., Inc.*, 160 F. Supp. 2d 14, 35 (D.D.C. 2001) (disregarding unauthenticated documentation on a motion for a preliminary injunction).  As a result, his motion

fails at the outset.

Second, Haynes has failed to show a "likelihood of success on the merits," let alone a "substantial" one. *Barton*, 131 F. Supp. 2d at 242. The factual predicate for Haynes' request for relief is his contention that he "has made timely monthly interest and principal payments to [NFCU] . . . since the inception of the loan in 2003." Mot. for Prelim. Mandatory Inj. at 2. However, Haynes does not even attempt to affirmatively show that he has, in fact, consistently made timely and adequate payments to NFCU.[1] Instead, he seeks to shift the burden to NFCU to disprove that fact, faulting NFCU for failing to specify "when and what payments were not made" in its Answer and characterizing NFCU's pleadings as "conclusory with sweeping legal inferences cast in the form of a factual allegation." *Id.* at 2-3. Meanwhile, Haynes offers no competent evidence tending to prove the factual predicate for his requests for relief. In the final analysis, "[t]he burden of proof rests squarely on [Haynes'] shoulders and he has failed to carry that burden." *Miniter*, 684 F. Supp. 2d at 17.

Third, Haynes has failed to establish that he is likely to suffer "irreparable harm" in the absence of preliminary relief. *Davis*, 571 F.3d at 1291. Under the governing standard, "the injury must be both certain and great; it must be actual and not theoretical." *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006) (quotation marks omitted). However, the majority of the relief that Haynes seeks relates to "economic injuries that are generally . . . reparable with monetary damages in the ordinary course of litigation." *Air Transport Ass'n of Am., Inc. v. Export-Import Bank of U.S.*, ___ F. Supp. 2d ___, 2012 WL

---

[1] Even assuming, for the sake argument, that the Court was inclined to credit Haynes' unauthenticated exhibits, they would not prove his assertion.

119557, at *6 (D.D.C. Jan. 13, 2012).  Although Haynes elsewhere alleges that he has been

unable to file certain tax forms with the Internal Revenue Service because he disputes the

accuracy of the mortgage interest statements provided by NFCU, *see* Mot. for Prelim. Mandatory

Inj. at 4, Haynes previously admitted in this action that he is unable to point to a provision in the

Internal Revenue Code or accompanying regulations requiring a lender to furnish a borrower an

interest statement and he conceded that any claim based on such a requirement should be

dismissed.  *See* Opp'n to Def.'s Mot. to Dismiss, ECF No. [15], at 5-6.  He still has not identified

a legal basis for NFCU's alleged obligation to provide him with such statements.  As Haynes has

been warned, his "mere invocation of the Court's equitable powers does not relieve him from his

burden of showing that he has a substantive right to support his claim."  *Id.*  He bears the burden

of identifying an injury that is certain and concrete, and he has failed to discharge that burden.

## CONCLUSION

For the reasons set forth above, Haynes' [23] Motion for Preliminary Mandatory

Injunction shall be DENIED.  An appropriate Order accompanies this Memorandum Opinion.


Date:   January 27, 2012

_____/s/_____
**COLLEEN KOLLAR-KOTELLY**
United States District Judge

5