UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES R. HAYNES,

    Plaintiff,

v.

NAVY FEDERAL CREDIT UNION,

    Defendant.

Civil Action No. 11-00614 (CKK)

**MEMORANDUM OPINION AND ORDER**
(April 3, 2012)

Plaintiff James R. Haynes ("Haynes") brings this action against Defendant Navy Federal Credit Union ("NFCU"), asserting a handful of claims relating to a home mortgage loan extended to him by NFCU.[1]  Before the Court is Haynes' [32] Motion to Amend Complaint ("Motion to Amend").[2]  Upon consideration of Haynes' submissions, the relevant authorities, and the record as a whole, the [32] Motion to Amend shall be DENIED.

**LEGAL STANDARD AND DISCUSSION**

Under the Federal Rules of Civil Procedure, a party may amend his pleadings once as a matter of course within a prescribed time period.  *See* FED. R. CIV. P. 15(a)(1).  When a party seeks to amend his pleadings outside that time period or for a second time, he may do so only with the opposing party's written consent or the district court's leave.  *See* FED. R. CIV. P.

---

[1] Although Haynes is proceeding *pro se*, he is an attorney and is presumed to have knowledge of the legal system. *Curran v. Holder*, 626 F. Supp. 2d 30, 33 (D.D.C. 2009).  As a result, he is not entitled to the same level of solicitude often afforded litigants proceeding without legal representation. *Baird v. Snowbarger*, 744 F. Supp. 2d 279, 286 (D.D.C. 2010), *aff'd in part and vacated in part sub nom. Baird v. Gautbaum*, 662 F.3d 1246 (D.C. Cir. 2011).

[2] Contrary to Haynes' assertion, this is his second motion for leave to amend his Complaint, not his first.  *See* Pl.'s [10] Court Ordered Notice; [11] Order (May 31, 2011).

15(a)(2). The decision whether to grant leave to amend a complaint is entrusted to the sound discretion of the district court, but leave "should be freely given unless there is a good reason, such as futility, to the contrary." *Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1996), *cert. denied*, 520 U.S. 1197 (1997). As the Supreme Court has observed:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

Through his [32] Motion to Amend, in addition to undertaking minor housekeeping matters, Haynes seeks to add a claim entitled "PER SE IRS CODE VIOLATIONS," alleging:

> Plaintiff did not receive an accurate or correct Form 1098 interest statement from the Defendant for the tax year 2010 which was due in January 2011, and the Defendant has refused to credit all interest payments for 2010. These actions are a violation of the IRC, 26 U.S.C. Sections 6001-6049. Plaintiff has a right to IRC Section 163 (h) interest statements to prepare his Form 1040 tax return. Plaintiff is exposed to felonious charges if he files erroneous tax returns. Defendant is also in violation of Section 6721 et al. of the Internal Revenue Code per se. We seek $500,000 in damages and costs from the Defendant.

Pl.'s [32-1] Proposed Second Am. Compl. at 2. For at least two reasons, the Court shall exercise its discretion to DENY Haynes' Motion to Amend.

First, Local Civil Rule 7(m) requires a party to discuss any anticipated non-dispositive motion with opposing counsel, "in a good faith effort to determine whether there is any opposition to the relief sought and, if there is an opposition, to narrow the areas of

disagreement." LCvR 7(m). This rule applies with equal force to "non-incarcerated parties appearing *pro se*." *Id.* As this Court has recognized, this Rule serves the important salutary purpose of "promot[ing] the resolution of as many litigation disputes as possible without court intervention, or at least to force the parties to narrow the issues that must be brought to the court." *Ellipso, Inc. v. Mann*, 460 F. Supp. 2d 99, 102 (D.D.C. 2006) (citing *U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of Am.*, 235 F.R.D. 521, 529 (D.D.C. 2006)). Where "a party files a nondispositive motion without certifying its compliance with Rule 7(m), the motion will be denied." *Id.* (citing *Alexander v. Fed. Bureau of Investigation*, 186 F.R.D. 185, 187 (D.D.C. 1999)). In this case, Haynes has failed to certify his compliance with Local Civil Rule 7(m) and his Motion to Amend shall be DENIED on that basis alone.

    Second, the more fundamental problem with Haynes' Motion to Amend is that, by his own admission, it seeks to resurrect the same claim that was previously dismissed by this Court when resolving NFCU's prior Motion to Dismiss. *See Haynes v. Navy Fed. Credit Union*, __ F. Supp. 2d __, 2011 WL 5867062, at *8-9 (D.D.C. Nov. 23, 2011). In his [12] Amended Complaint, Haynes similarly alleged that NFCU failed to provide him with "an accurate and correct interest statement" for tax-year 2010 and faulted NFCU for allegedly refusing to credit certain interest payments, all of which he contended was in "violation of the IRS code." When NFCU argued in its Motion to Dismiss that there is no private right of action for violations of the pertinent provisions of the Internal Revenue Code, Haynes admitted that he was unable to point to a provision in the Internal Revenue Code or the accompanying regulations requiring a lender to furnish a borrower an interest statement and conceded that his claim should be dismissed to the extent it rested on alleged violations of the Internal Revenue Code and accompanying

regulations. *See* Def.'s [13] Mem. of P. & A. in Supp. of its Mot. to Dismiss the Am. Compl. at 10; Pl.'s [15] Opp'n to Def.'s Mot. to Dismiss with P. & A. in Supp. Thereof at 5-6. Based on this explicit concession, the Court granted NFCU's Motion to Dismiss insofar as it sought the dismissal of that particular claim. *See Haynes*, 2011 WL 5867062, at *8-9.

As this sequence of events makes plain, Haynes had a full and fair opportunity to respond to the merits of NFCU's argument and to identify the purported legal basis for his claim. But he did not do so. Instead, he elected to concede the merits of NFCU's argument. Despite the liberality of the standard for granting leave to amend, there is no doubt that the district court has the discretion to deny a plaintiff leave to amend his or her complaint to add claims already dismissed. *See Krantz v. Prudential Invs. Fund Mgmt. LLC*, 305 F.3d 140, 144 (3d Cir. 2002) ("A [d]istrict [c]ourt has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them.") (citation omitted), *cert. denied*, 537 U.S. 1113 (2003); *Henderson v. Frank*, 293 F. App'x 410, 414 (7th Cir. 2008) (district court did not err in refusing to allow plaintiff to amend complaint containing claims already dismissed). When parties are put on notice of potential deficiencies in their pleadings through a dispositive motion, they fail to "avail themselves of an opportunity to rectify the deficiencies" "at their peril." *Ca. Pub. Emps.' Ret. Sys. v. Chubb Corp.*, 394 F.3d 126, 165 (3d Cir. 2004); *Hester v. Int'l Union of Operating Eng'rs, AFL-CIO*, 941 F.2d 1574, 1578-79 (11th Cir. 1991) (upholding the district court's denial of leave to amend, where district court found that the motion amounted to an attempt to "resurrect" a claim and plaintiff had the opportunity to correct the deficiencies earlier). In this case, not only did Haynes fail to promptly rectify the deficiencies in his Amended Complaint that were challenged in NFCU's Motion to

Dismiss, he expressly conceded the merits. *Cf. Wopsock v. Natchees*, 279 F. App'x 679, 689 (10th Cir. 2008) (district court was within its discretion to deny leave to amend a second time where plaintiffs responded to the defendants' motion for dismissal and waited to seek leave to amend until after the motion was fully briefed and resolved by the district court). Under these circumstances, the Court finds that granting leave to amend is inappropriate and therefore Haynes' [32] Motion to Amend shall be DENIED on this separate, independent basis.

## CONCLUSION AND ORDER

For the reasons set forth above, it is, this 3rd day of April, 2012, hereby

**ORDERED** that Haynes' [32] Motion to Amend is DENIED; and it is further

**ORDERED** that the Clerk of the Court shall mail a copy of this Memorandum Opinion and Order to Haynes at his address of record.

**SO ORDERED.**

/s/
**COLLEEN KOLLAR-KOTELLY**
United States District Judge