# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

JAMES R. HAYNES,

       Plaintiff,

       v.

NAVY FEDERAL CREDIT UNION,

       Defendant.

Civil Action No. 11-00614 (CKK) (AK)

## MEMORANDUM OPINION

Pending before the Court is Plaintiff James R. Haynes' ("Plaintiff" or "Haynes") Motion to Compel ("Pl.'s Mot.") [38]. Defendant Navy Federal Credit Union ("Defendant" or "NFCU") filed an Opposition to the Motion to Compel ("Def.'s Opp.") [42], and Plaintiff filed a Reply ("Pl.'s Reply") [45]. Having reviewed the submissions of the parties, the case record, and the relevant case law, the undersigned **denies-in-part** and **grants-in-part** the Motion to Compel.

## I.  BACKGROUND

This case is a breach of contract case arising from NFCU's management of a home mortgage loan it made to the Plaintiff. (*See* Am. Compl. [12] at 1.) Although Plaintiff had two home loans – this case is about one. (*See* Am. Compl.; *see generally* Pl.'s Mot., Ex. D; Def.'s Opp. at 11.) Generally, Haynes alleges that even though he has "continuously made monthly

payments," NFCU has "refused, in some cases, to process these payments according to the terms

of the contract." (Am. Compl. at 1.) He claims that NFCU has improperly either "return[ed]

payments" to him or "shift[ed] payments into a 'suspense account.'" (*Id.*) Haynes further alleges

that on or about March 1, 2011, NFCU falsely reported to credit reporting agencies that he was

$36,552 behind on his payments and 61-90 days past due. (*Id*. at 2.) For a detailed account of

the factual history of the case, see Judge Kollar-Kotelly's ruling [18] on Defendant's Motion to

Dismiss [13].

Judge Kollar-Kotelly dismissed two counts of Plaintiff's Amended Complaint. (*See*

Mem. Op., Nov. 23, 2011.) Four counts of Plaintiff's Amended Complaint remain. (*See* Am.

Compl.; Mem. Op., Nov. 23, 2011.) First, Plaintiff alleges that his loan contract was breached

when payments intended to repay the loan were returned or shifted.[1] (Am. Compl. at 1.) Second,

Plaintiff seeks injunctive relief and, through an "action of account," a record of the loan at issue.

(*Id.* at 1-2; Mem. Op. Nov. 23, 2011 at 10-11.) Third, Plaintiff alleges that his credit was

intentionally damaged in violation of Section 1681s-2(b) of the Fair Credit Reporting Act

("FCRA").[2] (Am. Compl. at 2; Mem. Op. Nov. 23, 2011 at 15-16.) Fourth, Plaintiff alleges that

he was defamed when allegedly misleading credit information was reported to the credit

reporting agencies. (Am. Compl. at 3.)

---

[1] Within the same count, a related allegation that Defendant used an improper method to prioritize payments was dismissed in the Court's November 23, 2011 opinion. (Mem. Op. at 7.)

[2] Within the same count, a related allegation under Section 1681s-2(a) of the FCRA was dismissed in the Court's November 23, 2011 opinion. (Mem. Op. at 14-15.)

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure, 26(b) authorizes discovery "regarding any non-privileged matter that is relevant to any party's claim or defense . . . ."  *E.g. Food Lion, Inc. v. United Food and Commercial Workers Int'l. Union,* 103 F.3d 1007, 1012 (D.C. Cir. 1997) (relevance for purposes of discovery is broadly construed).   Once a relevancy objection has been raised, the party seeking discovery must demonstrate that the information sought to be compelled is discoverable.  *Meijer, Inc. v. Warner Chilcott Holdings Co., III, Ltd.,* 245 F.R.D. 26, 30 (D.D.C. 2007); *see Alexander v. Federal Bureau of Investigation*, 194 F.R.D. 316, 325 (D.D.C. 2000).

Pursuant to Fed. R. Civ. P. 26(b)(2)(C), the court may limit discovery on motion or on its own initiative, if it determines that the "burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issue at stake in the litigation, and the importance of the proposed discovery in resolving those issues."  *Tooley v. Napolitano,* 556 F.3d 836, 841 (D.C. Cir. 2009); *see also Smith v. Cafe Asia*, 246 F.R.D. 19, 21-22 (D.D.C. 2007) (the trial court balances competing concerns when determining discovery matters).

Federal Rule of Civil Procedure 33(a)(2) allows interrogatories to "relate to any matter that may be inquired into under Rule 26(b)."  Rule 33(b)(3) provides that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."  Fed. R. Civ. P. 33(b)(3).  The party moving to compel discovery has the burden of proving that the opposing party's answers were incomplete.  *Guantanamera Cigar Co. v. Corporation*

*Habanos, S.A.*, 263 F.R.D. 1, 7 (D.D.C 2009) (citing *Equal Rights Ctr. v. Post Props., Inc.*, 246

F.R.D. 29, 32 (D.D.C. 2007)).

A request for documents under Federal Rules of Civil Procedure 34 must "describe with

reasonable particularity each item or category of items to be inspected."  Fed. R. Civ. P.

34(b)(1)(A).  Requests must also be within the scope of Rule 26(b).  Fed. R. Civ. P. 34(a).  "[I]n

drafting document requests, it is the party seeking discovery [who] bears the burden of fashioning

the requests appropriately."  *Washington v. Thurgood Marshall Acad.*, 232 F.R.D. 6, 10 (D.D.C.

2005).  Likewise, a party objecting to a document request must specifically show how the request

is burdensome, overly broad, vague, or outside the scope of discovery.  *Chubb Integrated Sys.*

*Ltd. v. Nat'l Bank of Washington,* 103 F.R.D. 52, 59-60 (D.D.C. 1984).


### III.  DISCUSSION

#### A.  Interrogatories

The parties dispute Interrogatories 3, 4, 5, 8, 9, 10, 13, 15, 16, and 17.  In its Opposition,

Defendant provides support to show why it has sufficiently responded to the interrogatories.

#### INTERROGATORY 3

Plaintiff requests information on each and every mortgagor who received a waiver from

paying escrow funds from January 1, 2008 to the present, together with an explanation for why

the waiver was granted.  Plaintiff initially requested information from January 1, 2003 to the

present, but revised his request after Defendant objected that it was overly burdensome.  (Pl.'s

Reply at 1.)  Although Plaintiff has lightened the burden of the request by reducing the range of

dates Defendant would have to search, the request remains overly burdensome.  NFCU has

nearly 4 million members, 164,000 active first mortgage loans, and no separate database or

procedure for identifying persons seeking or receiving waivers from paying escrow funds.

(Def.'s Opp. at 6; Def.'s Opp., Exhibit D, Aff. of Vicki Parry at ¶ 2.)  Defendant would therefore

be required to divert substantial personnel and resources to review each first mortgage loan file

for waiver applications.  (Def.'s Opp. at 6; Def.'s Opp., Ex. D  at ¶¶ 3-4.)  Additionally,

Plaintiff's request is irrelevant to his claim because he has alleged only that *his* request for a

waiver was improperly handled – not that there was a pattern of improper handling by Defendant.

The Court, therefore, grants Defendant's objection to Interrogatory 3.

**INTERROGATORY 4**

Plaintiff requests information about who at NFCU denied his request for a waiver and

why.  Defendant has answered this interrogatory by providing an explanation for its denial of

Plaintiffs' request, as well as explanations of its internal procedures and guidelines for reviewing

such requests.  (Def.'s Opp. at 7.)  Defendant has provided adequate information to answer

Plaintiff's interrogatory, and to allow Plaintiff to prepare for a deposition.  The Court, therefore,

grants Defendant's objection to Interrogatory 4.

**INTERROGATORY 5**

Plaintiff requests the daily interest rates for 15 year mortgages with loan-to-value ratios of

80% offered by Defendant from 2008 to the present.  Plaintiff attempted to refinance after the

filing of this suit, but not during the period in question.  (Def.'s Mot., Exhibit E, Deposition of

James Haynes, 96:2 - 98:20.)  Therefore, Plaintiff never received any relevant rate offers.  The

Court cannot compare rate offers of individuals with unblemished credit to rate offers Plaintiff

might have received had he inquired about a loan after Defendant's alleged impropriety.  The

daily, and even weekly or monthly rates for others during the requested time period have no
bearing on Plaintiff's claims for compensatory damages.  The Court grants Defendant's objection
to Interrogatory 5.

### INTERROGATORY 8

Plaintiff asks for a record of "payments" made to Plaintiff, other than loan proceeds, since
January 1, 2003.  Setting aside the parties' dispute of whether any money received by Plaintiff
from Defendant was a "payment" or "refund," Defendant has provided a record of the transfers it
made to Plaintiff for the requested period.  (Def.'s Opp. at 8.)  Therefore, the interrogatory has
been answered.  The Court grants Defendant's objection to Interrogatory 3.

### INTERROGATORY 9

Interrogatory 9 is relevant to Plaintiff's claims and must be answered.  Plaintiff requests
specific information about "reports" to the national credit reporting agencies on delinquencies of
loans by Defendant to Plaintiff.  Defendant argues that there are no "reports."  (Def.'s Opp. at 8.)
Defendant acknowledges, however, that "[r]eporting to credit bureau agencies occurs through a
vendor interface."  *Id.*

Although the information sent to the agencies is a "batch file" and not a "report" in the
traditional sense, the file is created by a vendor and sent on the 20th day of each month.  (Def.'s
Opp. at 8.)  The information in these batch files is the crux of many of Plaintiff's allegations,
including defamation and those under the FCRA.  They are, therefore, properly discoverable.
Navy Federal must provide the requested information about batch files pertaining to Mr. Haynes'
loans within batch files generated by the vendor.

**INTERROGATORY 10**

Interrogatory 10 is relevant to Plaintiff's claims and must be answered.  Plaintiff asks Defendant to provide the date when Plaintiff was no longer in compliance on his loan. Defendant must answer more specifically than to refer Plaintiff to the "Mortgage Account Activity Statement," a document of over 600 pages, that Defendant says contains the answer to Plaintiff's question.  (*See* Def.'s Opp. at 9.)

**INTERROGATORY 13**

Plaintiff asks Defendant to identify and provide specific information on any past real estate loans by the Defendant to the Plaintiff.  Defendant provided Plaintiff with about 300 pages of loan documents in response to Interrogatory 6.  (Def.'s Opp. at 9.)  Notwithstanding Defendant's providing copies of the loan documents pursuant to Interrogatory 6, Defendant must answer Plaintiff's interrogatory and provide the requested identifying information.

**INTERROGATORY 15**

Plaintiff requests the name of the person responsible for any reporting to the national credit agencies.  Defendant provided the name and title of the manager responsible for the reporting to Plaintiff in a June 14, 2012 email.  (Def.'s Opp. at 10; Def.'s Opp., Ex. B.) However, Defendant redacted the name of the manager from the version of the email attached as Exhibit B to Defendant's  Opposition.  Plaintiff claims to have "never received" the "redacted document."  (Pl.'s Reply at 2.)  Defendant must provide Plaintiff with the name of the manager it previously provided in the June 14, 2012 email.

**INTERROGATORY 16**

Plaintiff asks Defendant to provide NFCU's net assets for January 1, 2003 to the present. The answer to this interrogatory has no relevance to Plaintiff's claims.  However, as Plaintiff notes in his Reply, the Defendant has already supplied the answer.  (Pl.'s Reply at 3.)  The Court, therefore, grants Defendant's objection to Interrogatory 16.

**INTERROGATORY 17**

Plaintiff asked Defendant to identify the manager of the "SUSP/LIFE/MISC" account.[3] Defendant's Opposition relies on the affidavit from Ms. Vicki Parry, but the affidavit names no specific manager.  (Def.'s Opp., Ex. D.)  Instead, Ms. Parry states that there are multiple managers for the account.  (*Id.*)  Ms. Parry further states that Defendant cannot answer Interrogatory 17 because Plaintiff requests the name of the account's manager and there are multiple managers for the account.  (*Id.*)  However, Plaintiff is entitled to information from a manager who has knowledge of Plaintiff's "SUSP/LIFE/MISC" account.  Payments sent by Plaintiff intended to repay his loan are now in that account.  (Pl.'s Mot. at 8.)  Defendant must provide the name of a manager who can testify about the account and Plaintiff's funds in the account.

**B.  Requests for Production of Documents**

At issue are Plaintiff's Requests for Production of Documents 11, 12, 13, 15, 16. Defendant provided additional information in exhibits attached to its objection which resolve several of these disputes.

---

[3] As noted *supra*, the account where Plaintiff's funds were shifted is a "suspense account."  (Am. Compl. at 1.)

**REQUEST 11**

Plaintiff seeks any documents "filed" by NFCU "to" the three national reporting agencies. Defendant argues, as it did in Interrogatory 9, that it did not file any documents with the agencies, but that it instead relies on a "vendor interface" which produces "batch files."  (Def.'s Opp. at 11.)  Defendant asserts that, because any transmission to the credit unions is a "batch file," and not a document as such, there is no "document" Defendant can provide.  (*See id.*)  But Federal Rules of Civil Procedure 34 includes electronically stored information and is not limited to "documents" in the traditional sense.  Fed. R Civ. P. 34(a)(1)(A); *see* Fed. R. Civ. P. 34, advisory committee's note (2006).  In pertinent part, Rule 34 requires parties to produce "any designated documents or electronically stored information – including . . . *data or data compilations* – stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form."  Fed. R Civ. P. 34(a)(1)(A) (emphasis added).  Electronically stored information must be produced either "as [it is] kept in the usual course of business" or another usable form.  Fed. R. Civ. P. 34(b)(2)(E).

Plaintiff alleges that Defendant intentionally damaged his credit in violation of 1681s-2(b) of Title 15.  (*See* Am. Compl. at 2; Mem. Op. Nov. 23, 2011 at 15-16.)  A consumer may bring suit if a credit reporter fails to respond properly to a consumer's challenge of reported credit information.  (15 U.S.C. § 1681n *et seq.*; 15 U.S.C. § 1681o *et seq.*; 15 U.S.C. § 1681s-2(b); *see* Mem. Op. Nov. 23, 2011 at 15.)  In order to determine if NFCU violated Section 1681s-2(b), Plaintiff is entitled to production of information that NFCU sent to the reporting agencies. Defendant must provide usable copies of the batch files pertaining to Plaintiff's loan as sent by the vendor interface.

**REQUEST 12**

Plaintiff seeks documents "filed, drafted, or discussed" by NFCU in conjunction with any third parties. Plaintiff's Motion refers directly to letters received from attorneys handling Plaintiff's foreclosure. (*See* Pl.'s Mot., Ex. D.) Defendant has already provided collection letters related to the relevant loan via email on June 14, 2012. (Def.'s Opp. at 11.) The general, "foreclosure documents" Plaintiff now seeks would not support any of his remaining claims. Further, any documents between Defendant and the attorneys handling the matter would likely be privileged. The Court, therefore, grants Defendant's objection to Request 12.

**REQUEST 13**

Plaintiff requests "[a]ny document that requires NFCU to provide plaintiff or any mortgagor an annual statement of interest paid to the defendant." The Court agrees with Defendant's objections that the interrogatory is vague and not reasonably calculated to lead to the discovery of admissible evidence. (Def.'s Supplemental Resps. to James R. Haynes' First Set of Interrogs. at 4.) Further, Defendant has adequately answered the question by responding that it does not possess any such document. (Def.'s Opp. at 11.) The Court, therefore, grants Defendant's objection to Request 13.

**REQUEST 15**

Plaintiff requests an explanation of the disbursal of funds in two of his accounts. As Defendant states, only one account is germane to this case. The other account was established for a different loan, unrelated to the dispute before this Court. Any requests for documentation on the unrelated account are irrelevant to the current action. To the extent that Plaintiff requests

documentation for the relevant account, Defendant has already provided the requested

documentation.  The Court, therefore, grants Defendant's objection to Request 15.

**REQUEST 16**

Plaintiff requests documents Bates numbered 65-67.  Defendant has since provided those

documents as an exhibit to its opposition. (Def.'s Opp. at 12; Pl.'s Reply at 4.)


## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel [38] will be granted as to

Interrogatories 9, 10, 13, 15, and 17 and Request for Production of Documents 11.  Plaintiff's

Motion will be correspondingly denied as to Interrogatories 3, 4, 5, 8, and 16 and Requests for

Production of Documents 12, 13, 15, and 16.

A separate order will accompany this Memorandum Opinion.


DATE: August 6, 2012                                          _____/s/_____

                                                              ALAN KAY
                                                              UNITED STATES MAGISTRATE JUDGE