# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

JAMES R. HAYNES,

    Plaintiff,

    v.

NAVY FEDERAL CREDIT UNION

    Defendant.

Civil Action No. 11-00614 (CKK)

## MEMORANDUM OPINION
(September 12, 2013)

Plaintiff James R. Haynes ("Haynes" or "Plaintiff") brings this action *pro se* against Defendant Navy Federal Credit Union ("NCFU" or "Defendant"), asserting a variety of claims arising out of a home mortgage loan extended to him by NCFU. Currently before the Court are Defendant's [64] Motion for Summary Judgment, Plaintiff's [67] Motion for Partial Summary Judgment, and Defendant's [79] Motion to Amend Response to Plaintiff's Request for Admission. Upon consideration of the pleadings[1], the relevant legal authorities, and the record as a whole, the Court GRANTS Defendant's [79] Motion to Amend Response to Plaintiff's Request for Admission. Accordingly, because both Defendant's [64] Motion for Summary Judgment and Plaintiff's [67] Motion for Partial Summary Judgment are affected by this ruling,

---

[1] Def.'s Mot. for Summ. J., ECF No. [64] ("Def.'s MSJ"); Def.'s Statement of Undisp. Facts, ECF No. [64-4] ("Def.'s Statement"); Pl.'s Mot. for Part. Summ. J., ECF No. [67] ("Pl.'s MSJ"); Def.'s Mem. in Opp'n to Def.'s Mot for Part. Summ. J., ECF No. [72] ("Def.'s Opp'n"); Pl.'s Mem. in Opp'n to Def.'s Mot for Summ. J., ECF No. [73] ("Pl.'s Opp'n"); Def.'s Reply to Pl.'s Opp'n to Def.'s Mot for Summ. J., ECF No. [77] ("Def.'s Reply"); Pl.'s Reply to Def.'s Opp'n to Pl.'s Mot. for Part. Summ. J., ECF No. [78] ("Pl.'s Reply"); Def.'s Mot. to Amend Resp. to Req. for Admission, ECF No. [79] ("Def.'s Mot. to Amend"); Pl.'s Mem. in Opp'n to Def.'s Mot. to Amend Resp. to Req. for Admission, ECF No. [80] ("Pl.'s Opp'n to Amend"); Def.'s Reply to Pl.'s Opp'n to Def.'s Mot. to Amend Resp. to Req. for Admission, ECF No. [81] ("Def.'s Reply to Amend").

the Court DENIES WITHOUT PREJUDICE Defendant's [64] Motion for Summary Judgment and Plaintiff's [67] Motion for Partial Summary Judgment, so that the parties may, if they so elect, refile their motions and oppositions based on Defendant's amended admission at a later date specified in an accompanying order.

## I. BACKGROUND

### A. Factual Background

On or about May 16, 2003, Plaintiff obtained a home mortgage loan (the "Loan") from Defendant, secured by property located at 5601 16th Street, N.W., Washington, DC 20011 (the "Property"). Def.'s Statement at ¶ 1. The Loan was governed by a Note dated May 16, 2003 (the "Note") and Deed of Trust dated May 16, 2003 and recorded in the District of Columbia land records at Document No. 2003088532 (the "Deed of Trust"). *Id.* at ¶ 2. The Deed of Trust provides that Plaintiff shall pay to NCFU funds necessary to pay "Escrow Items" which includes, among other costs, taxes, and insurance premiums for the Property. *Id.* at ¶ 3. The Deed of Trust also provides that NCFU may waive the borrower's obligation to pay costs for Escrow Items at any time and that the waiver must be provided in writing. *Id.* at ¶ 4. At closing, Plaintiff signed a "District of Columbia Escrow Disclosure and Agreement Authorization" permitting the payment of taxes to the D.C. Government by NCFU. *Id.* at ¶ 5.

Beginning in September 2010, Plaintiff stopped making escrow payments required under the Deed of Trust and instead attempted to pay taxes and insurance directly to the D.C. Government and insurance company. *Id.* at ¶ 16. At this time, NCFU declined Plaintiff's request to waive the escrow account, which would have permitted such partial payment. *Id.* at ¶ 21. Nevertheless, arguing that the denial of his waiver was impermissible, Plaintiff continued to tender payments to NCFU of $3,930.24 each month after August 2010. *Id.* at ¶ 18. That amount

is equal to the principal and interest he owed monthly, but does *not* include any escrow payments. *Id.* NCFU, operating pursuant to its understanding of the Deed of Trust which entitles a Lender to hold or return funds insufficient to bring the loan current "until Borrower makes payment to bring the loan current," began placing these funds into a suspense account or returning them to Plaintiff. *Id.* at ¶ 19. NCFU reported Plaintiff's alleged failure to make full payments on his loan to credit agencies. *Id.* at ¶ 25.

Although Plaintiff ceased making payments on his escrow account, in a December 29, 2010 letter to Plaintiff entitled "New Mortgage Payment Notice and Annual Escrow Analysis" NCFU stated: "In accordance with federal regulations, Navy Federal reviews each escrow account annually. This statement details your actual account activity since your previous Escrow Analysis or Initial Disclosure statement. Based on anticipated activity for the next 12 months there is a $2,319.57 surplus in your account." Def.'s Mot. to Amend, Exhibit B (29 Dec 2010 New Mortgage Payment Notice and Annual Escrow Analysis). This letter includes a table showing Plaintiff's "Escrow Account History" from "June 2010 – September 2010" and well as "Escrow Account Projections" from "October 2010 – September 2011." *Id.* This table indicates that actual payments after September 2010 were not factored into the calculation. Rather, the surplus was projected based on expected payments from October 2010 forward.

### B. Procedural History

Plaintiff commenced this action on March 24, 2011, bringing nine claims against Defendant concerning the mortgage on his property. *See Haynes v. Navy Federal Credit* Union, 825 F.Supp.2d 285, 288 (D.D.C. 2011). On November 23, 2011, this Court granted-in-part and denied-in-part Defendant's Motion to Dismiss. *Id.* at 298. The Court's Memorandum Opinion allowed Plaintiff's Breach of Contract to proceed, to the extent predicated on allegations that

3

NCFU improperly returned payments that were sufficient to bring the loan current or shifted payments that were sufficient to bring the loan current into a "suspense account." *Id.* The Court's Memorandum Opinion similarly allowed Plaintiff's action on an account to proceed to the extent Plaintiff either sought to bring a legal claim for what has historically been referred to as an "action of account" or sought an accounting in equity as part of the overall relief in the case. *Id.* The Opinion also allowed Plaintiff's claim for Intentional Damage to Credit to proceed to the extent based on an alleged violation of Section 1681s-2(b) of Title 15 of the United States Code. *Id.* Finally, the Court's Opinion allowed Plaintiff's Defamation claim to proceed, to the extent Plaintiff alleged that NCFU published defamatory credit information with three national credit agencies stating that he did not pay his mortgage according to a contract, with either a reckless disregard for the truth or knowing that its statements were false. *Id.*

Subsequently, the parties engaged in discovery, which closed on November 16, 2012. *See* September 25, 2012 [53] Order at 3. During the course of discovery, Plaintiff submitted requests for admissions to Defendant. Plaintiff's First Set of Request[s] for Admissions stated "11. Admit that on 29 December 2010 that there was a surplus of $2,319.57 in plaintiff's Escrow account #8010498296." Def.'s Mot. to Amend, Exhibit A (Navy Federal Credit Union's Response to Plaintiff's First Set of Request [sic] for Admissions) at 3. In its response, dated July 23, 2012, Defendant stated, "Navy Federal objects as there is no 'escrow account #8010498296.' Without waiving its objection, Navy Federal admits that loan #8010498296 had a surplus of $2,319.57 in escrow as of December 29, 2010." *Id.*

On January 14, 2013, Defendant filed its [64] Motion for Summary Judgment requesting that this Court dismiss Plaintiff's remaining claims. The same day, Plaintiff filed his own [67] Motion for Partial Summary Judgment "on the grounds that there [are] no material facts as to

4

which there is a genuine issue concerning whether Plaintiff had a deficiency in his escrow account on September 9, 2010, the date he applied for a waiver of escrow payments provided for in his contract with the Defendant." Pl.'s MSJ at 1. In both his own motion and his response to Defendant's motion, Plaintiff relies on the admission regarding the surplus in his escrow account on December 29, 2010. *See* Pl.'s Opp'n to Amend at 4 ("The Plaintiff relied on the Defendant's admission to request No. 11 in drafting its Partial Motion for Summary Judgment."); Pl.'s Opp'n at 2. On February 25, 2010, Defendant filed its [79] Motion to Amend Response to Plaintiff's Request for Admission. This motion seeks to amend the response to Plaintiff's Request for Admission Number 11 to state that such surplus was merely projected based on expected escrow payments which were never made and to reference a mortgage activity statement which shows a negative balance in the escrow account as of December 29, 2010. *See* Def.'s Mot. to Amend at 5; Def.'s Reply to Amend at 1. Defendant contends that such amendment more accurately reflects the content of the December 29, 2010 letter and the record as a whole, and that the admission, as currently stated, admits a projected surplus that never existed. Plaintiff opposes this motion to amend.

## II. LEGAL STANDARD

Rule 36 of the Federal Rules of Civil Procedure governs requests for admission as well as their amendment and withdrawal. Rule 36(b) states that "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." The Rule also sets forth the test to be applied on such a motion: "the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action

5

and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b).[2]

Rule 36(b) sets forth a two-prong test for admissions of amendments: (1) whether the amendment would promote the presentation of the merits of the action, and (2) whether the amendment would prejudice the requesting party – the party opposing the motion to amend. "Put more directly, withdrawal is permissible if a party demonstrates that withdrawal will serve the presentation of the merits without prejudicing the party who requested the admissions." *Baker v. Potter*, 212 F.R.D. 8, 12 (D.D.C. 2002).

With respect to the first prong, "[c]ourts in this district have interpreted this prong as satisfied if the admission effectively would bar the party from presenting its case on the merits." *Id.* at 13. *See also Rabil v. Swafford*, 128 F.R.D. 1, 2 (D.D.C. 1989) ("the first half of the test is 'clearly satisfied since the effect of upholding the admissions would be to practically eliminate any presentation of the merits.") (quoting *Westmoreland v. Triumph Motorcycle Corp.*, 71 F.R.D. 192, 193 (D. Conn. 1976)).

With respect to the second prong, "the test of prejudice has been held to turn on whether the opposing party is any less able to obtain the evidence required to prove the matters which had been admitted." *Rabil*, 128 F.R.D. at 2. *See also Green v. Blazer Diamond Prods. Inc.*, No. 92-cv-1385, 1994 WL 715632 (D.D.C. Dec. 8, 1994) ("The prejudice referred to . . . derives from the difficulty the party opposing the motion to withdraw will face as a result of the sudden need to obtain evidence to prove the matter it had previously relied upon as answered.") (quoting *McClanahan v. Aetna Life Insurance Co.*, 144 F.R.D. 316, 320 (W.D. Va. 1992) (quoting 4A

---

[2] The Rule sets forth a stricter standard for amendment or withdrawal of admissions once a case has progressed beyond the pretrial stage. Withdrawal or amendment at or after trial is permitted only to "prevent manifest injustice." Fed. R. Civ. P. 16.

Jeremy C. Moore et al., Moore's Federal Practice at ¶ 36.08)). On this second prong, the party who obtained the admissions has the burden of proof to show that they would be prejudiced by the amendment. *Rabil*, 128 F.R.D. at 2. In addition, courts in this district have held that the requesting party's filing of a motion for summary judgment relying on the admission does not constitute sufficient prejudice. *See Davis v. Noufal*, 142 F.R.D. 258, 259 (D.D.C. 1992) ("Although defendants did file a motion for summary judgment, that fact does not establish the requisite level of prejudice."); *In re Adamson*, No. 09-br-623, 2010 WL 3075305, at *1 (Bankr. D.D.C. Aug. 6, 2010) ("having filed a motion for summary judgment relying on the admissions is not sufficiently prejudicial.").

### III. DISCUSSION

Here, Defendant's request to amend its admissions satisfies both prongs of Rule 36(b). First, the admission that Plaintiff had a surplus in his account as of December 29, 2010 "effectively would bar [Defendant] from presenting its case on the merits." As the basis of its defense to Plaintiff's claims of breach of contract, intentional damage to credit pursuant to 15 U.S.C. §1681s-2(b), and defamation, Defendant has argued that Plaintiff was not current in making loan payments to the escrow account beginning in August 2010. *See generally* Def.'s MSJ. Consequently, Defendant argues, it was entitled to hold or return the incomplete payments pursuant to the Note and Deed of Trust, and report the incomplete payments to credit reporting agencies. *See id.* at 10, 14, 17. By contrast, Defendant's admission that Plaintiff's escrow account had a surplus (and was accordingly current) as of December 2010 would negate these allegations, hindering Defendant's ability to argue that it was entitled to hold or return payment and report allegedly truthful delinquency in Plaintiff's loan to credit reporting agencies. By admitting that the loan was current, Defendant would be admitting that it was in breach of contract and that it was reporting incorrect information regarding the loan. *Cf. Green*, 1994 WL

7

715632, at *9 (concluding in a product liability action that the first prong of the test was met because the defendant's admissions "would effectively bar its presentation of the case on the merits because its prime defense is that it is not the manufacturer of the blade.")[3]

Furthermore, denying the motion to amend would be particularly problematic because this admission is clearly contradicted on the face of the December 29, 2010 letter, which makes clear that any surplus was merely *projected*, rather than *actual*. Indeed, the letter states: "In accordance with federal regulations, Navy Federal reviews each escrow account annually. This statement details your actual account activity since your previous Escrow Analysis or Initial Disclosure statement. Based on *anticipated activity* for the next 12 months there is a $2,319.57 surplus in your account." (emphasis added). The letter further states that it only incorporates *actual* escrow payments from September 2010. The figure in the letter is based on *expected* escrow payments from October 2010 to September 2011, a time in which Plaintiff admits he was *not* making escrow payments. The surplus consequently is a projected number that assumed Plaintiff would continue making escrow payments that Plaintiff admits he never made. Accordingly, given the strong interests in correcting the inaccuracy in Defendant's admission and the interference with Defendant's ability to defend this case presented by this inaccurate admission, the Court concludes that allowing the amendment "would promote the presentation of the merits of the action." The first prong of the Rule 36(b) test is satisfied.

---

[3] Plaintiff expresses puzzlement at Defendant's claim that permitting the amendment will "eliminate confusion." *See* Pl.'s Opp'n to Amend. at 1 ("In this case Defendant simplistically asserts 'confusion.' Was there a confusion of the amount in the escrow account? Was there a glitch in the escrow accounting procedures? Where [sic] other escrow accounts tabulated incorrectly?"). Plaintiff appears to misunderstand Defendant's argument. The admission creates confusion because it contradicts Defendant's otherwise consistent statements that the loan was not current and that it was entitled to take the actions at issue under the contract. Accordingly, allowing amendment pursuant to Rule 36(b) will "promote the presentation of the merits of the action."

Plaintiff's arguments to the contrary are unavailing. Plaintiff argues that "there is nothing in the record that the Defendant has cited for confirmation" of its request to change the admission. Pl.'s Opp'n to Amend. at 2. Yet although it did not cite to the December 29, 2010 letter in its original admission, Defendant has pointed to this letter as the source for its statement. Plaintiff at no point contests the fact that the text of the letter states that the surplus is a projection. Nor can he – this fact is clear from the face of the letter. To allow Plaintiff to rely on a clearly erroneous admission would surely contravene "the presentation of the merits of the action." Fed. R. Civ. P. 36(b). Further, Plaintiff accuses Defendant of "attempting to . . . confuse the Court and suggest that its organization with over three million members and 44 billion dollars in assets and 200 branches worldwide cannot calculate a surplus escrow amount." Pl.'s Opp'n to Amend. at 3. Yet Defendant is not trying to show the validity of its accounting procedures. It is merely trying to correct an admission that contradicts its arguments on the merits. And it is attempting to do so by pointing to the face of the letter describing the account balance on December 29, 2010, which makes clear that the balance is projected, rather than actual.

The second prong of Rule 36(b) is similarly satisfied. As the requesting party, Plaintiff bears the burden of showing that due to the amendment, he "is any less able to obtain the evidence required to prove the matters which had been admitted." *Rabil*, 128 F.R.D. at 2. "The mere fact that the party will have to prove the fact is not necessarily prejudice; rather the court must look to the difficulty of obtaining the proof." *Green*, 1994 WL 715632, at *9. Plaintiff argues that allowing this amendment will create the need for further discovery as to the actual balance of the account at the close of December 2010. Pl.'s Opp'n to Amend. at 2. The Court disagrees. The existing discovery record includes Plaintiff's mortgage activity statement which

sets out balances on his account over time. *See* Def.'s Opp'n, Exhibit E (Mortgage Account Activity Statement). Plaintiff is accordingly no "less able" to obtain the evidence required to prove (or disprove) the fact of a surplus in the escrow account at the close of December 2010. Moreover, Defendant, in its reply brief, states that it seeks to amend its response to Request No. 11 to reflect not only the fact that its initial admission was a December 29, 2010 projected surplus, but also the balance actually in the escrow account on that date. Def.'s Reply to Amend at 1. Accordingly, the evidence required to prove (or disprove) the fact which had been (erroneously) admitted is readily available to Plaintiff.

Plaintiff next argues that he will be prejudiced because he has relied on the admission in preparing his Motion for Partial Summary Judgment. Pl.'s Opp'n to Amend. at 4. Yet, as noted, the mere filing of a motion for summary judgment does not create sufficient prejudice to block an amendment of an admission pursuant to Rule 36(b). *Rabil*, 128 F.R.D. at 2 ("[A]lthough plaintiff has filed a motion for summary judgment, he would not be unduly burdened by allowing the admissions to conform with the response filed January 19, 1989, and allowing plaintiff to refile his motion for summary judgment based on the actual facts of the case."). Therefore, the Court concludes that Defendant's motion to amend the request for admissions satisfies the requirements of Rule 36(b).

However, although the filing of a motion for summary judgment does not constitute sufficient prejudice to block the amendment, the Court recognizes that both Plaintiff's Motion for Partial Summary Judgment as well as his Opposition to Defendant's Motion for Summary Judgment rely on the admission for which the Court has permitted amendment. Accordingly, the Court will deny without prejudice both Plaintiff's Motion for Partial Summary Judgment and Defendant's Motion for Summary Judgment. Such action is in keeping with the past practice of

other courts of this district when granting motions pursuant to Rule 36(b). *See, e.g., Adamson*, 2010 WL 3075305, at *2 ("It is acknowledged that granting Adamson's motion could affect Heck's motion for summary judgment. Heck, therefore, will be granted time to file an amended motion for summary judgment."); *Rabil*, 128 F.R.D. at 3 ("The Court acknowledges that by allowing defendant to amend his admissions, plaintiff's motion for summary judgment is affected. Therefore, the Court denies plaintiff's motion for summary judgment without prejudice, so that plaintiff may, if he so elects, refile his motion at a later date based on defendant's amended admissions.").

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's [79] Motion to Amend Response to Plaintiff's Request for Admission. The Court also DENIES WITHOUT PREJUDICE both Defendant's [64] Motion for Summary Judgment and Plaintiff's [67] Motion for Partial Summary Judgment. The parties may, if they so elect, refile their motions and oppositions based on Defendant's amended admission at future dates set out in an accompanying order.

Dated: September 12, 2013

                                                   /s/
                                     COLLEEN KOLLAR-KOTELLY
                                     United States District Judge